[No. 19656. Department Two. April 1, 1926.]

THE STATE OF WASHINGTON, *Appellant,* v. MAUDE SWEETMAN, *Respondent.*[1]

[1] OBSTRUCTING JUSTICE (3-1)—INDICTMENT AND INFORMATION—TAMPERING WITH JURY. An information charging the accused with stating to a juror that she was interested in and had friends among the defendants in a cause and had one friend, besides himself, among the jurors, is insufficient to state the offense of influencing or attempting to influence, improperly, a juror, defined by Rem. Comp. Stat., § 2325, notwithstanding it alleges that the words were used with intent to so influence the juror; since it fails to charge overt words or acts suggesting, in a substantial measure, the possibility of a persuasive effect upon the mind of the juror addressed.

Appeal from a judgment of the superior court for King county, Honorable Charles E. Claypool, judge *pro tempore,* entered June 22, 1925, upon sustaining a demurrer to an information charging the offense of attempting to influence a juror. Affirmed.

*Ewing D. Colvin* and *John J. Dunn,* for appellant.

*John F. Dore* and *Adam Beeler,* for respondent.

PARKER, J.—The prosecuting attorney for King county, by his information filed in the superior court for that county, charged the defendant as follows:

"She, said Maude Sweetman, in the county of King, state of Washington, on or about the 19th day of May, A. D. 1925, one H. L. McPherson, a juror then and there

¹Reported in 244 Pac. 732.

duly called, summoned and drawn to try cases in the superior court for King county, state of Washington, and then and there having been assigned and directed by the presiding judge of said superior court for King county, state of Washington, to the court of the Honorable Calvin S. Hall, in Department No. 6 of said superior court, as a prospective juror to try a certain criminal case known as cause No. 12480 of said court and entitled 'State of Washington, Plaintiff, v. Frank Louie, alias Louis Ding, Mrs. Frank Louie, alias Mrs. Louis Ding, Fat Gun, Ah Sing and Lee Ling, Defendants,' then pending in said court and assigned to said Department No. 6 thereof, before Honorable Calvin S. Hall, and then and there about to be brought before him, the said H. L. McPherson, as such juror for trial, did wilfully and unlawfully attempt to improperly influence the said H. L. McPherson as a juror in said cause, in relation to the same by then and there saying to the said H. L. McPherson, '*I am interested in the people down in that district,*' or words to that effect or of that same tenor, meaning a certain district in the city of Seattle, King county, Washington, wherein said defendant resides, and wherein the defendants in said cause No. 12480 conduct their business, and said defendant further said to H. L. McPherson pointing out a certain Chinese, '*there is old ————,*' John Doe, whose true name is unknown, '*Bless his old heart,*' the defendants in said cause No. 12480 being Chinese, and again while the jury to try said cause No. 12480 was being impanelled said defendant Maude Sweetman said to H. L. McPherson, a prospective juror, in referring to the talesmen then and there in the jury box, '*I have one friend on the jury,*' or words of the same tenor and general effect; that thereafter and on said day and at said place when the clerk of said court called the name of H. L. McPherson as a prospective juror in said cause No. 12480, said defendant Maude Sweetman further said to H. L. McPherson, '*Now I have two friends on the jury,*' or words of that tenor and general effect, and by the use of language of like import, the exact words being to the Prosecuting Attorney unknown; all of said

language being used with the purpose and intent on the part of said defendant Maude Sweetman to improperly influence said H. L. McPherson in his actions, findings and verdict as a juror in said cause.''

We have italicized the words of the information with which we are here particularly concerned. This, concededly, was intended as charging the defendant with committing the gross misdemeanor, as defined in § 2325, Rem. Comp. Stat., reading as follows:

"Every person who shall influence, or attempt to influence, improperly, a juror in a civil or criminal action or any proceeding, or any person chosen or appointed as an arbitrator or referee in respect to his verdict, judgment, report, award or decision in any cause or matter pending or about to be brought before him, in any case or in any manner not hereinbefore provided for, shall be guilty of a gross misdemeanor."

The defendant demurred to the information upon the ground, among others, that the facts charged therein do not constitute a crime. The trial court sustained the demurrer, and the prosecuting attorney electing not to file a new information, judgment of dismissal was rendered accordingly, from which the prosecuting attorney, on behalf of the state, has appealed to this court.

[1] Passing the question of McPherson's being "a juror in a civil or criminal action," at the time in question, within the meaning of those words as used in § 2325, as it is contended by defendant's counsel he was not, in view of his not having been then sworn to try such an action, we are of the opinion that, regardless of how that question should be answered, the information fails to charge the offense of improperly influencing McPherson as a juror. The italicized words of the information, above quoted, constitute every word the

defendant is charged with having spoken to McPherson. She is not charged with saying or doing anything else, other than the pointing out to McPherson of the persons she. was then referring to. The information does not charge that McPherson understood the words of the defendant as meaning anything more than that the persons she referred to were her friends. It is true that the information charges that she used the words with intent ''to improperly influence said H. L. McPherson in his actions, findings and verdict as a juror in said cause.'' While such an intent is proper to be charged in such a prosecution, following a charge of overt words or acts, the charging of such intent does not lessen the necessity of charging overt words or acts of such nature as, in their ordinary meaning, or in their alleged veiled meaning, would be calculated to convey, in some substantial measure, some persuasive effect upon the mind of the one to whom they were addressed or made manifest. In other words, intent is of no consequence in a criminal sense, except as it has to do with the motive prompting some outwardly manifested overt act, otherwise one might be successfully prosecuted criminally for the entertaining of a mere criminal intent. The law deals with realities of outward manifestation, not with mere unexpressed motives and intentions. Therefore, the overt words or acts charged must be of such nature that their ordinary or alleged veiled meaning suggest, in a substantial measure, the possibility of a persuasive effect upon the mind of the one to whom they are addressed or made manifest. We think the expressions of friendship, here alleged to have been made by the defendant, do not imply, within themselves, an attempt to improperly influence McPherson as a juror in a criminal sense; and, since they are not alleged to be understood by him as intended to

improperly influence him as a juror, the information does not charge the offense defined by § 2325.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur.